431 F.2d 241
 William A. STANLEY, Plaintiff-Appellee,
v.
ONETTA BOAT WORKS, INC., an Oregon corporation, Defendant
and Third Party Plaintiff-Appellee, v. UNION
INSURANCE SOCIETY OF CANTON, LTD., a
Hong Kong corporation, Third
Party Defendant-Appellant.
 No. 24903.
 United States Court of Appeals, Ninth Circuit.
 Aug. 18, 1970.
 
 1
 Nathan J. Heath, of Gray, Fredrickson & Heath, Portland, Or., for third-party defendant-appellant.
 
 
 2
 Alex L. Parks and Sidney Teiser, of Parks, Teiser & Rennie, Portland, Or., for William A. Stanley.
 
 
 3
 Don H. Marmaduke of Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for Onetta Boat Works, Inc.
 
 
 4
 Before KOELSCH and CARTER, Circuit Judges, and HALL,[1] District judge.
 
 
 5
 HALL, District Judge.
 
 
 6
 From an extremely complicated trial raising perplexing procedural and factual situations which required a 22 page opinion by the Trial Judge, Honorable John F. Kilkenny, two points are urged by appellant:
 
 
 7
 1. Did the appellant insurance company assume and negligently perform the inspection and repairing of the subject ship which went aground at launching before the purchaser, Stanley, accepted it from the boat works?
 
 
 8
 2. Did the risk contract of insurance to the boat builder cover the purchaser's loss of profits for the delay resulting from the grounding and the ship's subsequent idleness for repairs?
 
 
 9
 The first point raises purely factual matters which were thoroughly tried by a competent and experienced trial judge and decided against appellant. This court will not disturb those findings.
 
 
 10
 The second point raises a mixed question of law and fact concerning an interpretation of the contract of insurance. Here again the trial judge decided against appellant.
 
 
 11
 The question turns on the meaning of the words 'consequential damages' as used in the insurance contract, excepting such damages from coverage. The trial court found as a fact that the damage for loss of profits, while the ship was laid up for repairs after delivery to Stanley, was 'caused by the stresses and strains built into and enhanced by the launching mishap' when the boat was still in the possession of the builder, and further held, as a matter of law, that such is 'not a 'consequential damage' but flows from the original defect at a later period of time. Leyland Shipping Co. Ltd. v. Norwich Union Fire Ins. Soc. Ltd., (1918, A.C. 350); Lanasa Fruit S.S. & Importing Co. v. Universal Ins. Co., 302 U.S. 556, (58 S.Ct. 371, 82 L.Ed. 422) (1938). Additionally, the language of an exclusion must be strictly construed against the insurance company. I-L Logging Co. v. Manufacturers & Wholesalers Indemnity Exchange, 202 Or. 277, 273 P.2d 212, 275 P.2d 226 (1954).'
 
 
 12
 Judgment affirmed.
 
 
 13
 KOELSCH, Circuit Judge (concurring).
 
 
 14
 As the court's opinion indicates, the trial judge held Union liable in damages under each of two unrelated theories:
 
 
 15
 1. the gratuitous assumption of the repair of the damaged vessel,[1] and
 
 
 16
 2. a contractual obligation arising under the policy of insurance. Stanley v. Onetta Boat Works, Inc., 303 F.Supp. 99 (D.Or.1969).
 
 
 17
 This court affirms the judgment on both bases. I have grave doubts that Union's obligation extended beyond liability for injury to the vessel itself during construction.
 
 
 18
 The policy of insurance in terms provides that Union shall not be liable for 'any consequential damages or loss through delay.' Even if the meaning of 'consequential damages' is ambiguous, I am not convinced that the same may be said of the succeeding phrase 'loss through delay.' But I express no views on that matter.
 
 
 19
 The evidence does fully support the findings essential to the trial judge's conclusion that Union was liable as a volunteer wholly aside from the policy of insurance. I therefore concur in affirmance of the judgment.
 
 
 
 [1]
 Honorable Peirson M. Hall, United States District Judge, Los Angeles, California, sitting by designation
 
 
 [1]
 'It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all.' Glanzer v. Shepard, 233 N.Y. 236, 135 N.E. 275 (1922)